The next case is number 21-1648, Great Lakes Insurance SE v. Martin Andersson. At this time, would Attorney Niemeyer please introduce herself on the record to begin? Good morning, Your Honors. My name is Michelle Niemeyer, and I represent Martin Andersson, the defendant in the underlying matter and appellant here today. I'd like to reserve two minutes to respond. You can. My client is asking this court to reverse the trial court's order granting judgment on the pleadings, dismissing his consumer protection claim under Chapter 93A, Section 9, the consumer protection claim under Massachusetts law, which derives from Chapter 176D. 176D is the Massachusetts law, which enumerates a number of claims handling violations, which can lead to a de facto violation of 93A. And it's our argument in this case that actions of the insurance company, which were subsequent to and not related to the facts of the actual claim or to the policy's provisions or exclusions, were the basis for a 93A violation. So part of our argument is that this is a completely separate, factual situation. It's severable. It's not the contract claim. It's more akin to a tort claim. This case is about interpretation, not enforcement. You'll see that we have two different statements of the issues. Our statement of the issues is about interpretation. My opponent's statement of the issues is about enforcement. And that distinction is a very grave one in this case. It's really one of the most important factors to be considered. There are words that the insurance company chose to use. And as your honors understand, one of the most seminal aspects of any state's insurance law or federal law is that... If you just go to the words, it would be... Right. The language is the language. The language in this case that we're talking about is a choice of law provision, which states, any dispute arising here under shall be adjudicated according to well-established, entrenched principles of substantive United States... We all have the thing. What's your view of how to read it? The point of my reading them is that this particular insurance policy provision is unique in that it has two clauses within that provision. There is a but clause after. If we have entrenched federal admiralty law, then that applies. But where no such well-established entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York. It does not say any dispute arising here under. It does not say all disputes between these parties or any other language which would broaden it beyond the contract. The basic background in this case is that my client and the reason I'm bringing this up... Can I just ask you, in your claim under Chapter 93A, as I understand there's a variety of forms a Chapter 93A claim can take, and so to understand the relationship between the claim that's at issue here under Chapter 93A and this language, it would be helpful for me if you could just work with me for a second so I can understand what the Chapter 93A claim itself is. Okay. Your Chapter 93A claim presumes that there is a contract between you and the insurer, correct? Correct. Okay. With respect to that contract, the claim is that the 93A violation resulted because they breached the contract in a certain way in denying the claim? No. So even if there was no breach of the contract itself, are you bringing a 93A claim? Okay. It depends on how far you extend that, and I think I know where you're going, Your Honor, but let's make sure we're very clear. The terms and conditions of the contract, including the coverage provisions, the conditions, the exclusions are all included, and there's a declaratory judgment action here where the insurance company has claimed that my client violated some warranties under that contract, and so they've denied coverage on that basis. However, our 93A claim is based on the fact that this insurance company did not deny the claim before it came to the court here in Massachusetts and sued my client. Under Massachusetts law, under 176D9, insurance companies are required to deny the claim and to provide an explanation for the reasonable basis of why they denied the claim. Is that a separate provision that's part of Chapter 93A or separate? Okay. Section 93A, Section 9, which is the consumer provision, Section 1 of that makes a violation of 176D9 a de facto violation, and in fact you don't even have to have a breach of contract because... So is that the 93A claim that's predicated on that violation? Correct. In fact, in our counterclaim we called it a 176D claim. That violation, even if you don't have coverage, you could get a $25 reward under the policy. But you're seeking more than that. Obviously. And that's because you did have coverage. The question is... Right. It's our position we do have coverage. There was not a waiver. The reason I'm asking is for purposes of the 93A claim you're bringing, all you need to show as a predicate for it is that you had a contract with the insurer for some coverage. That we had a contract, we made a claim, and that they did not deny the claim and give us any reasons why, even if they had denied it on a valid basis. They should have done that. With respect to the question of whether you had the contract with the insurer, that I take it you would agree we would look to New York law. About interpretation of the contract, yes. But it doesn't matter here because no one's disputing that you had that aspect of it, that element of the 93A claim, right? Correct. Their argument is that 93A shouldn't apply at all because this choice of law provision prevents it. Right. I'm just trying to figure out in relation to the 93A claim how much of it is dependent on there being a contract and then how much of it isn't dependent on it being a contract. Right. Well, obviously the damages in the underlying claim are on the contract. The other thing that happened in this case was- But that's not the 93A claim. Under 93A, that would constitute part of our damages. Well, then that means that part of your 93A claim depends on them having breached the contract, correct? The damages would depend. Correct. Which means that part of the liability or not. In other words, if part of your claim depends on a breach of the contract, as I read the choice of law provision, to determine breach we have to construe the contract. Correct. And that would be the first- And that would be under New York law even on your view. Correct. That would be the first part of the provision. The second part of the provision- Is there any dispute between the parties about- Does the choice of law question whether New York and Massachusetts law applies to whether there was a breach of the contract matter at all? Or is everybody just agreeing that whatever? We've proceeded under an understanding that New York law applies to the terms of the contract, the policy interpretation of the contract. The way this would work, just so I understand it, is on a Chapter 93A claim in federal court, to be able to vindicate your claim, including the damages, there's going to have to be a determination made as to whether the contract was breached, correct? There would be a determination to get to the damages, yes. So that's a yes? Yes. And with respect to that aspect of it, the federal court will be applying New York law? Correct. In the context of the Chapter 93A claim? In the context of the Chapter 93A claim. And then after having determined- No, no. In the context of the Chapter 93A claim, the statutory remedy or the statutory claim itself, that's a Massachusetts statute. But in that 93A claim, the damages that you're seeking are pursuant to 93A, right? Not all of the damages. Some are? Some are. Are any of them for the 93A claim dependent on you being able to show that there was a breach of the contract? The $350,000, roughly $365,000 value of the vessel. Let me ask it a different way. If it were determined there was no breach, would that affect the amount of the damages that you could get as a 93A matter? Would it affect trouble damages or anything like that? It would affect that there would not be that $365,000. However, that's not the only damages. And apart from that, it wouldn't affect it? My client also, because he wasn't told that the claim was being denied, he wasn't given a proper prompt response, he spent about a month in the Dominican Republic being told by their government he was not allowed to leave until he dealt with the vessel. And you're seeking damages for that? For the cost of that, yes, Your Honor. He had housing expenses, obviously. He had to hire a Dominican law firm to sell the boat to a salver, which isn't part of the contract damages. So we do have separate damages that are not part of the contract damages. Now, in this case, the Raiders Realty case, which was relied upon heavily by the trial court, was overruled by the Third Circuit the day after we filed our appeal brief. That case looks at the Bremen line of cases. And the U.S. Supreme Court determined that forum selection clauses and through the Milanovic case in the D.C. Circuit, it's extended to choice of law selection clauses, can be overridden if they violate the strong public policy of the selected forum. In this case, Great Lakes knowingly selected Massachusetts after my client moved to New Jersey. And we have... significant contacts discussion, which was dicta in other cases. There was not any evidence. We're in a motion for judgment on the pleadings. So we also have a situation where we have evidence, quote-unquote, that was relied upon, which was never presented. The case was not turned into a summary judgment. We didn't have an opportunity to present evidence on significant contacts. It's our position that the way that the language is written, it leaves a gap. If you have a tort or an extra contractual contract aspect of it, like we have with 93A, it doesn't say what law applies. Do you understand your opponents to be saying that if you're right about that, there's any dispute that Massachusetts law would apply? I don't believe that there is any dispute that Massachusetts would apply. The only... That your opponents are disputing that. My opponents dispute that. Even if you're right about the contract? They say that they have a number of contacts with New York, which we dispute. They also said that their client was incorporated. You're not quite answering my question. I may not be putting it the right way. I guess what I'm trying to figure out is I had thought, maybe this is wrong, that as the case comes to us, we have the contract interpretation question about the choice of law provision. If you are right about that, then the choice of law provision goes away. My understanding was there was not a further dispute between the parties about whether we then have to do a separate choice of law analysis as to whether Massachusetts or New York law applies. Am I wrong about that? Are they separately saying, even independent of the contract, choice of law provision, Massachusetts law would not apply? Their argument is New York law would apply because they claim they have significant contacts to New York. We haven't had any discussion in the trial court about that or any evidence presented. The only evidence of contact to New York is a service of suit provision in the policy, which was never actually brought into effect because we didn't sue them. They sued my client. The other kinds of facts that have been raised in other cases and were brought up by the trial judge are facts that could change over time. For instance... I understand. Thank you. Anything? No, thank you. Thank you. At this time, would Attorney Goldman please introduce himself on the record to begin? Good morning, Your Honors. My name is Michael Goldman. I'm counsel for Great Lakes Insurance, SC. And if I may, can I please reserve two minutes for a rebuttal, if necessary? You may. Thank you, Your Honor. May it please the Court, may I begin with what I think is the underlying question, which I admit arose only after they filed their brief, but is I think the more important question, which is the Third Circuit's decision in Raiders. With the Third Circuit's decision in Raiders, there is now a circuit split between what I believe is at least the Fifth and more likely this Court, the Fifth, the Ninth, and the Eleventh, about what the proper test is, and now the Third Circuit. Under the majority line of cases, which I think includes this Court, which is the case of Littlefield v. Acadia, but is not directly on point, the correct test for enforcement of a choice of law clause is this. First, a clause will be held unreasonable or unjust if the state law chosen as an alternative to the state law that would otherwise apply, the state law alternative, is contrary to a fundamental principle of federal admiralty law. Not contrary to a fundamental principle of the displaced law, but contrary to federal admiralty law. Secondly, such a clause will be unjust or unreasonable if there isn't an adequate connection to the chosen state alternative. Not more connection, merely an adequate connection. Now, in the absence of a choice of law clause, the Court would look, if there were no entrenched rule of federal admiralty law, the Court would look to which state has the most connection. And to correct my sister in the law, we are not contending that New York law would apply absent a choice of law clause. We concede Massachusetts law would apply. That's my understanding. In general, and because of Wilburn Boat, the law on this subject is a mess, Your Honor. But in general, with this sort of... But if you're conceding it, that's fine. Exactly, Your Honor. Thank you, Your Honor. But the New York connections are vital because the second prong of what we contend is the correct test requires showing enough connection to New York. But that just defeats the argument that it can't be enforced. That defeats the argument under the second prong. They are making, I think, two arguments. I think they are also asserting that the Bremen test should apply. The Bremen test comes from the Supreme Court's decision. But first, we have to decide that the choice of law clause... If you concede Massachusetts law applies in the absence of a choice of law clause, the first question I think we ask is, does the choice of law clause apply here? Yes, that's correct. They say it does not. They say it does not apply. If they're right, we never get to the Raiders issue, do we? That would be correct, Your Honor. Okay, so let's start with the interpretation question. They're saying it doesn't apply because when you read the words, it only applies to an issue about the meaning of the contract. And their claim is they're off the contract. They're bringing a Chapter 93A claim. What's your response to that? Two, Your Honor. First of all, they are incorrect that there are any claims absent the contract. If the contract does not exist, there cannot be, in the context of this type of coverage, there cannot be a 93A claim. True, but the dispute about whether there is a contract? That is wholly a matter of federal admiralty law, Your Honor. Whether or not there is a contract in the first place. Because, excuse me, I thought you were asking me how federal admiralty law would interpret the first part and the second part of the clause. I never even mentioned federal admiralty law. I'm sorry, excuse me, Your Honor. I'm just trying to, I have some words in a choice of law provision. You agree that absent that choice of law provision applying, Massachusetts law applies. That's correct, Your Honor. If it applies, Chapter 93A applies. No. Wrong? If the choice of law clause applies, then there is no matter. No, if it doesn't apply, Massachusetts law applies, and if Massachusetts law applies, the Chapter 93A claim can go forward. Absolutely correct. Okay, so first question, is there anything in the words of the choice of law clause that indicates New York law rather than Massachusetts law applies? Yes. The second part of the clause, which is what I think they are contesting, says that the contract is subject to. Every court to consider the matter has held that that word is different from the word interpreted under. If it had said interpreted under, we wouldn't be here because that's a different word. But every court to consider the matter, starting with the Chiariello case in 2006 from the Central District of California, has held that the wording of this one, by making the contract subject to New York law, that precludes any state bad faith claim. And that's been directly addressed in multiple decisions, not just applying this wording, but applying this particular choice of law clause. But what do you do about the words, this ensuring agreement is the thing that's subject to it, not any dispute between the parties? As you hit on during the previous, when my colleague was up here, there are no claims absent the contract. So to say that a contract is subject is to make all claims subject to New York law, Your Honor. And if there's an ambiguity on that score, what do we do? If there's an ambiguity, ambiguities are interpreted in their favor, Your Honor. But I would argue there's this reason for finding that there isn't an ambiguity. In order to determine ambiguity, whether it's under New York law or Massachusetts law, this is a common principle of contract law, you cannot focus on one word and take it out of context. Can I ask you a different question? Why include this ensuring agreement at all? I couldn't go back. I couldn't tell you why. Going back to 2006, Your Honor, that was the first time that this was enforced. What I believe the reason, Your Honor, is is because this clause has been used by other insurers. So we took a clause that has been used by other insurers. But you have this in... I guess I'm just wondering what you make of this ensuring agreement. What I make of it, Your Honor, is that it's different from the first clause, but that because of two things, because of the word subject to and because of the way the courts have been interpreting it for more than a decade... Do we have any Massachusetts case law interpreting that phrase? No, there is no specific one. There is Massachusetts case law enforcing... Let me correct that. There is a Massachusetts district court case enforcing this in a contract of marine insurance, but there is no Massachusetts case interpreting this wording under Massachusetts law, Your Honor, to the best of my knowledge. And is there... So just, I guess, going back to taking the point that maybe there's some ground for reading this insuring agreement is subject to to be referring to even extracontractual claims that are dependent on the existence of the agreement and which extracontractual claims do not require any interpretation for which even if you apply the substantive law of New York to the interpretation of the agreement itself, the extracontractual claim would survive. I'm sorry. I lost the thread of the question, Your Honor. I beg you to repeat. You're saying that this insuring agreement is subject to is a reference not to just a dispute about the interpretation of the agreement, but to even an extracontractual claim. That's absolutely correct. Yeah. And if... And I'm trying to figure out why it's clear that's the case rather than ambiguous. Two reasons, Your Honor. First is the word subject to. But secondly, and I think more importantly, it can only be ambiguous if there was a reasonable basis for thinking that it was different. And if courts have been interpreting it in our favor for more than a decade, I don't think... And that's uniform? That is with one exception, Your Honor. Actually, it is a Great Lakes case in which Ms. Niemeyer was counsel for the insured. There is a case, Judge Altanaga down, I believe, in the Southern District of Florida, Great Lakes v. Rental Boat. Right. We have Rental Boat Miami, right? Yes. That says essentially what your opponent's arguing. And then we've got TECO Time and... We have TECO Time and several others, Your Honor. And I even say even... And no mass law. No, there is no mass law on the subject. And I think even... And then textually... Is there a textual basis for concluding that it's clear? I don't think there's a textual basis because of the word subject, Your Honor. By making the policy subject, subject is a broader word. You can look... We address this in our brief in the dictionary. They want the word subject to mean interpreted. No, I think they want us to be contrasting this insuring agreement with any dispute. Those are different phrases. And if they were viewed in isolation, which is not permitted, I think, under the federal rules... No, I think their point is just that since it could say any dispute is subject to and then they would clearly lose. That's correct. But instead it says this agreement is subject to. It's ambiguous whether this agreement means any dispute. No, it's not ambiguous because ambiguity isn't shown merely by showing that there is a different interpretation. It has to be shown that there is a reasonable interpretation. Why is that unreasonable? It's not reasonable, Your Honor, because courts since 2006, even for other litigants, have been saying that this clause refers to extra contractual... Except for the courts that didn't. Except for the one. And even... And multiple courts have directly addressed that and said it was wrong. And even Judge Altanaga has retreated from the interpretation that she applied in that particular case. Is there a textual basis for saying it's unreasonable? Is there a textual basis? Standing alone, there is a textual basis for saying that it's different. But I don't think there's a textual basis for saying that theirs is reasonable because they're trying to insert a word that isn't there. Subject... Even if the phrase disinsuring agreement is narrower, subject is broader than interpreted. So it has to be applied more broadly than if it had said the word that isn't there, interpreted. So the word subject modifies. That phrase disinsuring agreement, that is a narrower phrase than all claims arising. But it's modified by subject. But wouldn't that just mean that even when it's a non-interpretation question, it's a question of enforceability, there's all kinds of things that could be about the enforcement of the contract that wouldn't be interpretation. So subject, too, would be the nice way of making that point. You're trying to say it also covers extra contractual claims... That's right. The nice way of saying that would be any dispute. That's not what it says. But it's not their burden. They cannot prevail by simply showing that that's the nice way, Your Honor. That's not what the standard is for showing an ambiguity, Your Honor. If we were to conclude that the contract, the choice of law provision, had to be construed so that the disagreement is subject to the substance of laws of the State of New York does not apply to the Chapter 93A claim, is there any other argument you have for why they lose? If you were to conclude that, you could avoid the more fundamental question of whether or not it's contrary to Massachusetts public policy. Yes, but I'm asking is there any other ground for how they lose? No, for how they lose, if you interpret that, you could skip the first question, go straight to the second one. And then it's game over. And then it's game over for us. That's correct, Your Honor. Okay, that's helpful. Would the Court like to hear anything further on this? I think I've covered everything that I intended to cover. I just want to cover then what I think is the more fundamental question because there is this Rader's decision which has just held that my choice of law clause might not be enforceable if it is contrary to the strong public policy of the displaced state. In that case, it was Pennsylvania. The Third Circuit's incorrect decision has a genesis in a Supreme Court case called the Bremen which involved not a choice of law clause but a forum selection clause. And the Supreme Court held that a forum selection clause might be unenforceable if the chosen forum, if the forum chosen by the clause, excuse me, if the clause chose a forum that was somehow repugnant to the strong public policy of the forum that would otherwise apply. And the court said that in order to show that, the party challenging the choice of law clause had to show inconvenience so grave that they would actually be deprived of their day in court. And a few years later, the Supreme Court had an occasion to apply that to a domestic adhesion contract, a carnival cruise ship ticket issued to an insured in Washington State, Florida being the home of the cruise ship industry both physically and in terms of their headquarters. The cruise ship ticket had a vicious clause that required that any passenger bringing any claim against the cruise ship company had to bring it, not just in federal court. I think we have Raiders and Bremer so I think we can finish on Bremer. If you want, just take 30 seconds to finish your point. Well, then the only thing I'll say is Raiders is wrong because the majority line of cases says that you can't give priority to the state law. The state law has to be displaced by the federal power to display, excuse me, by the federal courts allowing the party to elect their state law. You can't just let Massachusetts say to the federal court, we don't want this clause to be enforced. Thank you. Thank you very much, Your Honor. Thank you. At this time, Attorney Niemeyer, please reintroduce yourself on the record. Your Honors, I'm Michelle Niemeyer here on behalf of Martin Anderson. I found it interesting that in discussing the subject to argument, my opposing counsel raised the Chiarello case out of the Ninth Circuit. In that case, the court said that if there were evidence of a state bad faith claim, attorney's fees would be awarded. So the court did exactly what we'd like for Your Honors to do here to say that that state law policy, that benefit that would be awarded, could be awarded under this policy language. As for ambiguity, most of the laws relating to ambiguity, certainly in New York, certainly in Massachusetts, refer to when differing minds can each come up with a reasonable interpretation, then you have an ambiguous contract. Certainly, when you have judges in two jurisdictions who have found the contract to be interpreted to allow for extra contractual claims under the second part of the clause, that's a reasonable interpretation. Judge Altanaga in the Southern District of Florida and a judge in the District of New Mexico in the Hamburger-Versichung case both interpreted the contract the way that we have suggested it should be interpreted. We believe the judge in the Texas case, Tico Thyme, got it right the first time around when he also made that ruling, but then on reconsideration he changed his mind and his language in that order pretty clearly stated that it was as a matter of expediency. Before you complete in the last minute, I just want to circle back to this issue that I was talking to you about before about the nature of the Chapter 93A claim so I understand it. I forget, is it 176? There's a 176 Chapter 93A claim that you're making which is pre the breach that you're claiming under the contract which is the actions they took before they denied the claim, correct? Before the claim was made? Is that the idea? No. So the 176D Chapter 3, Section 9 is the section outlines proper claims management practices, claims investigation and handling. Right. Post loss, we have a contract, post loss the claims adjusters come in or the surveyor does what he does. In this case, we had two things we argue are wrong. In theory, you can win on that even if ultimately they were right to deny the claim. Correct. Okay. There was no coverage under the provisions. I got it. I got it. Okay. So then, second thing, this is what I wanted to, I had thought there are a species of Chapter 93A claims in which the claim is that there was a breach and the nature of the breach was so egregious that that itself triggers Chapter 93A liability. Isn't that right? That's true under the chapters, the subsection, the Section 11 claims which are the commercial. But you're not bringing that claim. We're bringing it under the stronger Consumer Protection Act. Nothing negative here. I just want to understand you're not bringing that type of claim. The language of the Consumer Protection Act under Section 9 isn't the same. So for purposes of the 93A claim you're bringing to show liability that there was a 93A violation, you don't need to show breach. We do not need to show breach. We just have to show a violation of 176D. I understand. Thank you. There was just one other thing. Can I bring this up, Your Honor? Quickly. Okay. There were references made to the courts since 2006 making a lot of decisions in their favor. And I'd like to point out    of those cases were cases involving contractual issues like warranties. They were not as a matter of fact a matter of fact a matter of fact a matter of fact a matter of fact an extra contractual. Thank you. Thank you. Mr. Goldman, please reintroduce yourself on the record. My name is Michael Goldman. I'm counsel for Great Lakes Insurance. I please the court. It is absolutely false that Anderson can prevail on his bad faith claim even if there's no coverage. Under Massachusetts law when you have what is called a first party claim which is what this is which is a claim for insurance coverage for the insurer's own property. There are no rights other than those detailed in the policy which means that if the policy either doesn't cover or is void in the first instance which we contend it is here there can be no recovery under the Massachusetts bad faith statute. There is a different rule that concerns different forms of coverage. Most commonly, Your Honor, what's called third party coverage. If you're on your boat and you hurt someone on your boat and you get sued unlike first party coverage in which there's only one duty the duty to pay. Under what's called third party coverage there are two duties. First, to defend the insured and then to pay. That duty to defend can be breached even where there's no coverage under Massachusetts law. But in this case it is absolutely false that there can be a recovery where there's no coverage. No coverage means no recovery for bad faith under Massachusetts law, Your Honors. Thank you very much. Thank you. That concludes argument in this case. Counsel is excused.